IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LEWIS JOHN MARTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0221 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
## AS TIME BARRED UNDER 28 U.S.C. § 2244(d)

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LEWIS JOHN MARTIN on August 19, 2004.[1] By his habeas application, petitioner appears to be challenging two (2) February 25, 2003 convictions for the felony offenses of possession of stolen property, enhanced, out of the 251st Judicial District Court of Potter County, Texas.[2]

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DISMISSED as time barred.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

[2] Petitioner originally filed two (2) federal writ applications but such were consolidated on October 29, 2004, pursuant to a motion by respondent.

I.
PROCEDURAL HISTORY

On February 25, 2003, in Cause No.s 45,819-C and 45,820-C, petitioner MARTIN entered guilty pleas to two (2) felony offenses of possession of stolen property, enhanced. The trial court accepted petitioner's guilty pleas, adjudged petitioner guilty of the offenses and assessed petitioner's punishment at two (2) terms of ten (10) years confinement in the Texas Department of Criminal Justice, Institutional Division, such terms to run concurrently.[3] No direct appeal of petitioner's convictions or sentences was taken and such convictions thus became final on March 27, 2003, after the expiration of the statutory thirty (30) day period in which to file a motion for new trial or a notice of appeal. See TEX. R. APP. P. 26.2(a)(1) (West 2002).

Petitioner filed, on September 23, 2003, two (2) state applications for a writ of habeas corpus. *Ex parte Martin*, App. No.s 57,308-03 at 2; and 57,308-04 at 2. On December 10, 2003, the Texas Court of Criminal Appeals denied such applications without written orders.[4] On August 19, 2004, petitioner filed the instant federal habeas application challenging his conviction and sentence.

II.
PETITIONER'S ALLEGATIONS

Petitioner alleges his conviction was in violation of the Constitution and/or laws of the

---

[3] Petitioner was originally indicted for two (2) offenses of burglary of a habitation but after he pleaded guilty, the trial court found him guilty of two (2) counts of possession of stolen property, a lesser included offenses. See *Ex parte Martin*, App. No.s 57,308-03 at 22-23; and 57,308-04 at 20-21.

[4] Petitioner also filed, while his habeas applications were pending, two (2) motions for leave to file writs of mandamus, such applications being denied without written orders on October 22, 2003. *Ex parte Martin*, App. No. 57,308-01 at cover; and 57,308-02 at cover. Such applications did not have any tolling effect. See *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

United States for the following reasons:

1. Petitioner was denied effective assistance of counsel;

2. Petitioner's sentence was illegal because the value of the stolen property he was convicted of possessing was wrong;

3. The indictments were defective because the trial court amended them and thus lost jurisdiction; and

4. There was no evidence or insufficient evidence of the value of the stolen property he was convicted of possessing.

### III.
### AEDPA LIMITATIONS PERIOD

Before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 [hereinafter AEDPA], a prisoner faced no strict time constraints in filing a petition for a writ of habeas corpus. The AEDPA, however, amended 28 U.S.C. § 2244 to establish a one-year limitation period for filing a habeas petition in federal court. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d) also provides for tolling of the statute of limitations (1) if the claims presented in the petition for writ of habeas corpus, for some reason, could not have been presented earlier because of some impediment to filing created by state action, (2) if the constitutional right asserted was initially recognized by the Supreme Court is on a date subsequent to the date the conviction became final, or (3) if the date on which the petitioner discovers the factual predicate of the claim or claims presented, or by the exercise of due diligence should have discovered them, is subsequent to the date the conviction became final.  In instances such as these, the limitation period would begin on the applicable post-conviction date. The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

As stated *supra*, petitioner was convicted on February 25, 2003 and had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence.  *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so.[5]  Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his Notice of Appeal, or March 27, 2003.  As such, the instant federal application was due on or before March 26, 2004, had petitioner not been entitled to any of the statutory tolling provisions.  Petitioner filed his state writ applications on September 23, 2003 which were decided on December 10,

---

[5] In fact, according to the trial court, petitioner had no right of appeal because of the plea bargain.  See Trial Court's Certification of Defendant's Right of Appeal attached to petitioner's Reply brief filed February 7, 2005.

2003. Therefore petitioner was entitled to 79 days of tolling making the instant habeas application due on or before June 14, 2004.[6]

Petitioner has alleged he filed his state writ applications on July 14, 2003 and a review of the state court records does show such date next to petitioner's signatures. See *Ex parte Martin*, App. No.s 57,308-03 at 11; and 57,308-04 at 11. However, on those same documents there is a "filed" stamp from the District Clerk which indicates such filing date to be September 23, 2003. Petitioner has presented no evidence to support his position that he placed such state writ applications in the mail on July 14, 2003 and thus explain the delay in filing. He merely makes the conclusory allegation that the District Clerk held onto such applications until September. The parties were asked to brief this issue and petitioner again reiterated he filed his state habeas petitions in July of 2003 and/or he avers he is entitled to equitable tolling.

Respondent has argued that the "mailbox rule" does not apply to petitioner's state habeas applications and thus the Court is bound by the September 23, 2003 file date. Respondent concludes that petitioner's argument is therefore an argument for equitable tolling. Respondent further argues that petitioner, to be entitled to equitable tolling, must have exercised due diligence in pursuing § 2254 relief. Petitioner however, waited over eight (8) months between the time his state habeas applications were denied before he filed the instant motion. As cited by respondent, the Fifth Circuit has held that periods shorter in duration than the instant case, did not meet the due diligence test. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Therefore, petitioner is not entitled to equitable tolling in the instant case and his claims should be dismissed as time barred.

---

[6] Petitioner's application would have been due on June 13, 2004 but because such date was a Sunday, petitioner would have been given until the following day to file his federal habeas application.

Since petitioner did not file this federal habeas application within the statutory time limits, petitioner's application is time barred by the one-year limitation period and must be dismissed.

## III.
## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner LEWIS JOHN MARTIN be DISMISSED as time barred.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of September 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

     Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).